J-S04045-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RONALD CHAVIS | : | |
| | : | |
| Appellant | : | No. 1108 EDA 2020 |

Appeal from the PCRA Order Entered March 5, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0005793-2014

BEFORE:   BENDER, P.J.E., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:               **FILED JANUARY 27, 2022**

Appellant, Ronald Chavis, appeals from the order entered in the Court of Common Pleas of Philadelphia County, which dismissed Appellant's first petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46, without an evidentiary hearing.  Appellant's court-appointed counsel, Matthew F. Sullivan, Esquire, has filed a petition to withdraw as counsel, and an accompanying brief under **Anders**.[1]  After a careful review, we grant counsel's petition to withdraw and affirm the PCRA court's order.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] Counsel filed a brief pursuant to **Anders v. California**, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), apparently in the mistaken belief that an **Anders** brief is required where counsel seeks to withdraw on appeal from the dismissal of a PCRA petition.  A **Turner/Finley** "no-merit" letter, however, is
(Footnote Continued Next Page)

The relevant facts and procedural history have been set forth, in part, by the PCRA court as follows:

[Appellant] entered a negotiated guilty plea on January 9, 2015,…to the [sole] charge of Burglary[.] [All other charges were *nolle prossed* by agreement.] The charges stemmed from a robbery of copper wire from a restricted area in [a] railroad station located underneath Amtrak's 30th Street Station. Appellant was sentenced on the same day by [the trial court] to nine (9) to twenty-three (23) months' incarceration, followed by three (3) years of reporting probation.

Thereafter, on January 15, 2015, Appellant filed a [timely] post-[sentence] motion for an arrest of judgment requesting that he be able to withdraw his guilty plea. This motion was denied by operation of law on May 14, 2015.[2] On July 18, 2015, Appellant filed a notice of appeal…to the Superior Court. On October 13, 2016, Appellant's appeal was dismissed for his failure to file a brief with the Superior Court. Appellant then filed a Petition for Allowance of Appeal, which was denied by our Supreme Court [by order entered on November 15, 2016].

While [A]ppellant's appeal was pending [in the instant matter], [A]ppellant was once again arrested and charged with trespassing upon Amtrak property and taking a 600-foot reel of copper wire from an underground Amtrak station.[3]

_____

3 Regarding this second arrest, under Case Docket No. CP-51-CR-0012474-2015, [the] trial court conducted a bench trial on March 28,

_____

the appropriate filing. *See Commonwealth v. Turner*, 518 Pa. 491, 544 A.2d 927 (1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). Since an *Anders* brief provides greater protection to a defendant, this Court may accept an *Anders* brief in lieu of a *Turner/Finley* letter. *Commonwealth v. Fusselman*, 866 A.2d 1109, 1111 n.3 (Pa.Super. 2004).

2 We note the certified docket entries contain no notation of an order, or service, indicating the trial court denied the post-sentence motion by operation of law. *See* Pa.R.Crim.P. 720(A)(2)(b) ("If the defendant files a timely post-sentence motion, the notice of appeal shall be filed:…(b) within 30 days of the entry of the order denying the motion by operation of law in cases in which the judge fails to decide the motion[.]"); Pa.R.Crim.P. 114(C)(2)(c) (indicating docket entries shall include the date of service of trial court orders).

2018, after which [A]ppellant was found guilty of Theft by Unlawful Takin[g]-Movable Property and sentenced to no further penalty. Appellant's appeal of this conviction to [the] Superior Court was eventually dismissed for failure to file a brief[,] and his Petition for Review was denied by our Supreme Court by Order dated February 5, 2020.

A violation of Probation ("VOP") hearing was then scheduled before [the trial court]. At the initial hearing on [A]ppellant's VOP, [the trial court] held the matter under advisement and ordered [A]ppellant's detainer to remain while a mental health evaluation was conducted on [A]ppellant. Appellant's VOP hearing was then continued many times for various reasons[.]

On March 28, 2018, following a VOP hearing, the [trial court] entered an Order terminating [A]ppellant's probation/parole and lifting his detainer [in the instant case]. On March 29, 2019, [one] year and a day following [the trial court's] terminating [A]ppellant's probation/parole and lifting his detainer in [the instant matter], [A]ppellant filed a *pro se* petition seeking relief under the [PCRA]. In this petition, [A]ppellant contended that (1) his conviction was based upon "fraud and extortion" and "falsified evidence;" (2) his rights under the confrontation clause were violated; (3) the [trial] court was "without jurisdiction" to "tender" his plea; and (4) a Brady violation with regard to the introduction of a "new photograph."

On April 18, 2019, Samuel A. DeMatteo, Esquire, was appointed to represent [A]ppellant for purposes of this PCRA matter. On December 31, 2019, PCRA counsel DeMatteo filed with [the PCRA] court a petition to withdraw and a "no-merit" **Finley** letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988). After carefully reviewing [A]ppellant's petition, objection to counsel's "no-merit" letter, [and] PCRA counsel's **Finley** letter, [as well as] independently reviewing the entire record, [the PCRA] court determined that [A]ppellant was ineligible for relief and his petition was without merit. Thus, on January 23, 2020, the [PCRA] court issued a twenty (20) day Notice of [Intent to Dismiss] pursuant to Pa.R.Crim.P. 907.

On February 12, 2020, [A]ppellant filed a [*pro se*] Objection to [the PCRA] court's Rule 907 Notice to Dismiss. After reviewing [A]ppellant's objection to the dismissal, the [PCRA] court, by Order dated March 5, 2020, dismissed [A]ppellant's PCRA petition and granted PCRA counsel's request to withdraw from further representation of [A]ppellant. [However,] [o]n March 12, 2020,

- 3 -

the [PCRA] court appointed Matthew F. Sullivan, Esquire, to represent [A]ppellant for purposes of appeal.

[A]ppellant, through counsel Matthew F. Sullivan, filed a timely appeal of the [PCRA] court's Dismissal Order to the Superior Court. In compliance with the [PCRA] court's Pa.R.A.P. 1925(b) Order, [A]ppellant timely filed his Statement of Errors Complained of on Appeal wherein he contend[ed] that [the PCRA] court abused its discretion in dismissing his PCRA petition without an evidentiary hearing, arguing that he was entitled to a hearing since he had raised an "issue of fact" in his petition which "if resolved in his favor would justify relief." [The PCRA court filed a Pa.R.A.P. 1925(a) Opinion on July 8, 2021.]

PCRA Court Opinion, filed 7/8/21, at 1-3 (footnote added) (footnotes omitted).

On October 18, 2021, Attorney Sullivan filed with this Court an application to withdraw and an accompanying **Anders** brief.[3]

As indicated *supra*, the procedure set forth in **Anders** is not the appropriate vehicle for withdrawing from PCRA representation, **see Commonwealth v. Karanicolas**, 836 A.2d 940, 947 (Pa.Super. 2003), as counsel seeking to withdraw on collateral appeal must follow the procedure outlined in **Turner/Finley**. Relevantly:

**Turner/Finley** counsel must review the case zealously. **Turner/Finley** counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.

Counsel must also send to the petitioner: (1) a copy of the "no-merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.

---

[3] Appellant has not filed a *pro se* brief or a brief with privately retained counsel.

> If counsel fails to satisfy the foregoing technical prerequisites of **Turner**/**Finley**, the court will not reach the merits of the underlying claims but, rather, will merely deny counsel's request to withdraw. Upon doing so, the court will then take appropriate steps, such as directing counsel to file a proper **Turner**/**Finley** request or an advocate's brief.
>
> However, where counsel submits a petition and "no-merit" letter that do satisfy the technical demands of **Turner**/**Finley**, the court—trial court or this Court—must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief. By contrast, if the claims appear to have merit, the court will deny counsel's request and grant relief, or at least instruct counsel to file an advocate's brief.

**Commonwealth v. Wrecks**, 931 A.2d 717, 721 (Pa.Super. 2007) (citations omitted). Because an **Anders** brief provides greater protection to a defendant, this Court may accept it in lieu of a **Turner**/**Finley** letter. **Commonwealth v. Widgins**, 29 A.3d 816, 817 n.2 (Pa.Super. 2011).

In the case *sub judice*, counsel has satisfied the requirements of **Turner/Finley**. Specifically, he (1) set forth the issues Appellant wished to have reviewed; (2) stated he conducted a thorough review of the record and applicable law; (3) determined there are no non-frivolous claims Appellant can raise; and (4) explained why Appellant is ineligible for PCRA relief and/or his claims are meritless. Moreover, counsel has verified that he mailed Appellant a letter informing him of his intention to seek permission to withdraw from representation, as well as Appellant's rights in lieu of representation. **See Widgins**, 29 A.3d at 818. Since counsel has complied with **Turner**/**Finley**, we may proceed to an independent review of the appeal.

On appeal, counsel raises in his **Anders** brief the issue of whether Appellant is eligible for relief under the PCRA. In its Pa.R.A.P. 1925(a) opinion, the PCRA court explained it dismissed Appellant's PCRA petition since Appellant is no longer serving a sentence of imprisonment, probation, or parole in the instant matter, and thus, he is not eligible for relief under the PCRA.

Initially, we note the following:

> On appeal from the denial of PCRA relief, our standard of review calls for us to determine whether the ruling of the PCRA court is supported by the record and free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. The PCRA court's factual determinations are entitled to deference, but its legal determinations are subject to our plenary review.

**Commonwealth v. Nero**, 58 A.3d 802, 805 (Pa.Super. 2012) (quotation marks and quotations omitted).

The statutory requirements for eligibility for post-conviction collateral relief are set forth at 42 Pa.C.S.A. § 9543, which states, in relevant part:

> (a) General rule. To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence all of the following:
>
> (1) That the petitioner has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted:
>
> (i) currently serving a sentence of imprisonment, probation or parole for the crime[.]

42 Pa.C.S.A. § 9543(a)(1)(i).

Case law has strictly interpreted the requirement that the petitioner be currently serving a sentence for the crime to be eligible for relief under the PCRA. Our Supreme Court has held:

> [T]he denial of relief for a petitioner who has finished serving his sentence is required by the plain language of the statute. To be eligible for relief a petitioner must be currently serving a sentence of imprisonment, probation or parole. To grant relief at a time when [an] appellant is not currently serving such a sentence would be to ignore the language of the statute.

***Commonwealth v. Ahlborn***, 548 Pa. 544, 699 A.2d 718, 720 (1997) (emphasis omitted).

Here, as the PCRA court indicated:

> [O]n March 28, 2018, following a VOP hearing for the [conviction] associated with [A]ppellant's subject PCRA petition, namely burglary, the [trial court] entered an Order terminating [A]ppellant's probation/parole and lifting his detainer. Therefore, [as of] this date, [A]ppellant was no longer "currently serving a sentence of imprisonment, probation or parole for the crime" for which he was convicted. The fact that [A]ppellant may have been incarcerated for other unrelated crimes under separate docket numbers at the time he filed for PCRA relief and on the date that [the PCRA] court dismissed his petition, does not make him eligible for PCRA relief for the [conviction] under the [instant] docket number. ***See*** 42 Pa.C.S.A. § 9543.

PCRA Court Opinion, filed 7/8/21 at 4-5 (footnotes omitted).

The record supports the PCRA court's factual findings, and we agree with the PCRA court's sound reasoning. Since the PCRA requires that a petitioner be serving his or her sentence at the time relief is granted, we conclude the PCRA court properly held that Appellant is not eligible for PCRA relief on this basis. ***See Commonwealth v. Descardes***, 635 Pa. 395, 136 A.3d 493

(2016) (holding the petitioner was no longer serving a sentence, so he was ineligible for PCRA relief; the petitioner's ineligibility deprived the court of jurisdiction to entertain the petition).

After conducting our independent review, we are in agreement with counsel that there is no basis for relief in the present case. *See Wrecks*, 931 A.2d at 721.[4] Accordingly, we affirm the PCRA court's dismissal of Appellant's PCRA petition, and we grant counsel's petition to withdraw.

Order affirmed. Counsel's petition to withdraw granted.

*Judgment Entered.*

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/27/2022

---

[4] To the extent Appellant contends the PCRA court erred in dismissing his petition without an evidentiary hearing, we note it is well-settled that "[t]here is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary." *Commonwealth v. Jones*, 942 A.2d 903, 906 (Pa.Super. 2008). In the case *sub judice*, the PCRA court properly concluded that Appellant did not raise a genuine issue of material fact, and there is no legitimate purpose that would be served by further proceedings. Accordingly, the PCRA court did not abuse its discretion in failing to hold a hearing. *See id.*